IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID B. MONTGOMERY and TIFFANY T. MONTGOMERY, Individually and On Behalf of Minor Children G.J. and H.M., <br><br>Plaintiffs, <br><br>v. <br><br>BIRD RIDES, INC. D/B/A BIRD, JOHN OR JANE DOE #1, JOHN OR JANE DOE #2, and JOHN OR JANE DOE #3, <br><br>Defendants. | § § § § § § § § § § § § § § § § § | Case No. 5:22-cv-00008 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bird Rides, Inc. ("Bird") hereby removes this action from the District Court of Bexar County, Texas to the United States District Court for the Western District of Texas.

### STATE COURT LAWSUIT

1. In this case, Plaintiffs David B. Montgomery and Tiffany T. Montgomery, individually and on behalf of minor children G.J. and H.M. (collectively, "Plaintiffs"), Texas citizens and residents, seek damages for alleged injuries resulting from Plaintiff David B. Montgomery's alleged incident on a Bird scooter. On December 16, 2021, Plaintiffs filed suit against Bird in the District Court of Bexar County, Texas, Cause No. 2021CI25580, claiming that their injuries were caused by Bird's alleged negligence, among other theories and causes of action.

2. Bird now removes this case to this Court based on diversity jurisdiction.

## GROUNDS FOR REMOVAL

3. This action is removable pursuant to 28 U.S.C. § 1441. As set forth herein, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. <u>Minimal Diversity Requirement</u>. As alleged in the State Petition, attached hereto as **Exhibit 1**, this action is between citizens of different states. Plaintiffs David B. Montgomery and Tiffany T. Montgomery are citizens and residents of Texas. (*See* Ex. 1, State Petition, ¶¶ 10–11.) The domicile of an infant is determined by the domicile of the infant's parents. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Upon information and belief, including the allegations in the State Petition, Plaintiffs David B. Montgomery and Tiffany T. Montgomery, citizens of Texas, are the parents and legal guardians of Minor Children G.J. and H.M. (*See* Exh. 1, State Petition, ¶¶ 29–31, 75-76, 162–164). G.J. and H.M., therefore, are also citizens of Texas.

5. Bird is a citizen of a foreign state. Specifically, Bird is a Delaware corporation with its principal place of business located at 406 Broadway #369, Santa Monica, California 90401.

6. While Plaintiffs have named numerous "John and Jane Doe" defendants as additional parties, the citizenships of those fictitiously-named defendants "shall be disregarded" for purposes of establishing diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

7. Consequently, complete diversity exists because Plaintiffs are citizens of Texas, and Bird is a citizen of Delaware and California.

8.  <u>Amount in Controversy Requirement</u>.  The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiffs "plead for monetary relief in an amount over $1,000,000 . . . ."  (Ex. 1, State Petition, ¶ 8.)

## PROCEDURAL REQUIREMENTS

9.  <u>Timeliness of Removal</u>.  This Notice of Removal is timely because it is being filed within 30 days of Bird receiving, through service or otherwise, a copy of the State Petition.  28 U.S.C. § 1446(b)(1).  Bird was served through its registered agent, National Registered Agents, Inc., by process server on December 20, 2021.

10. <u>Removal to Proper Court</u>.  This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, Bexar County, Texas.  28 U.S.C. §§ 1441(a), 1446(a).

11. <u>Filing and Service</u>.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the District Court of Bexar County and served on all counsel of record.

12. <u>Pleadings and Process</u>.  Bird has not been served with any process, pleadings, or orders in this action other than the Citation, Jury Demand, and State Petition.  *See* 28 U.S.C. § 1446(a). Defendant is attaching an index of the docket sheet in the State Court action as **Exhibit 2.**

13. Bird reserves all of its rights and defenses, including without limitation those rights and defenses under Fed. R. Civ. P. 12 and will timely respond to the Petition in accordance with Fed. R. Civ. P. 81.

Respectfully submitted this 7th day of January, 2022.

**WATSON, CARAWAY,
MIDKIFF & LUNINGHAM, LLP**


  */s/ Ryan Trammell*
James W. Watson
State Bar No. 20943100
jwatson@watsoncaraway.com
Ryan Trammell
State Bar No. 24085877
rtrammell@watsoncaraway.com
The Fort Worth Club Building
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817/870-1717
817/338-4842 (FAX)
**ATTORNEYS FOR DEFENDANT
BIRD RIDES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7th, 2022, I caused a copy of the foregoing Notice of Removal to be sent by e-mail and U.S. Mail to the following counsel of record:

BARNES & ASSOCIATES
Stephen A. Barnes (SBN 24066953)
sajbarnesmdjd@gmail.com
2219 Dorrington Street
Houston, Texas 77030
Telephone: 713-388-6777
Facsimile: 713-437-3578

*Attorneys for Plaintiffs David B. Montgomery
and Tiffany T. Montgomery, Individually and
On Behalf Of Minor Children G.J. and H.M.*

  /s/ *Ryan Trammell*
Ryan Trammell
