IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID B. MONTGOMERY and TIFFANY T. MONTGOMERY, Individually and On Behalf of Minor Children G.J. and H.M., <br><br> Plaintiffs, <br><br> v. <br><br> BIRD RIDES, INC. D/B/A BIRD, JOHN OR JANE DOE #1, JOHN OR JANE DOE #2, and JOHN OR JANE DOE #3, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Case No. 5:22-cv-00008-XR |

**DEFENDANT BIRD RIDES, INC'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

**INTRODUCTION**

This is a straightforward personal injury dispute arising out of a single-person incident on an electric scooter. On December 28, 2019, Plaintiff David B. Montgomery ("David") and his minor stepson rented and operated Bird scooters in San Antonio, Texas. Although David and his stepson evidently rode their scooters to and from the train station without issue, Plaintiffs allege that David's scooter suddenly malfunctioned at the very end of his ride, allegedly causing David to be thrown off the scooter and injured. David blames Defendant Bird Rides, Inc. ("Bird") for his injuries, and the remaining Plaintiffs, David's wife and children, allege various derivative damages.

In an attempt to overcomplicate this straightforward personal injury matter, Plaintiffs claim not only negligence (Count 1) but also six other causes of action, including gross negligence (Count 2), violations of the Texas Deceptive Trade Practices Act ("DTPA") (Count 3), breach of implied contract (Count 4), breach of implied or express warranty (Count 5), breach of implied warranty of fitness for a particular purpose (Count 6), and breach of implied warranty of merchantability (Count 7). Bird moves to dismiss with prejudice Plaintiffs' claims, with the exception of Counts 1 and 7, for failure to plead with particularity pursuant to Federal Rule of Civil Procedure 9(b) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND STATEMENT OF UNCONTESTED FACTS

This dispute centers on Plaintiff David B. Montgomery's rental and use of a Bird scooter. (*See generally*, Dkt 1-1, Petition, ¶ 56.) Plaintiffs allege that on December 28, 2019, David "rented a Bird Scooter" with his stepson "G.J." (*Id.*, ¶¶ 56-57.) David and G.J. "complet[ed] the app-based rental process" and "boarded their respective Bird Scooters," having "no issues with road or surface hazards." (*Id.*, ¶ 60.)  As part of the mandatory sign-up process on the Bird App, all users must review and agree to the Bird Rental Agreement, Waiver of Liability and Release ("Bird Rental Agreement"). (*See id.*, ¶ 60.) Plaintiffs allege that upon completion of their ride, "David's Bird Scooter began a series of rapid decelerations and accelerations," which purportedly resulted in "David initially being thrown forward against the handlebar area and then immediately thereafter backward," causing him to allegedly suffer a "traumatic brain injury." (*Id.* at 61.) Plaintiffs allege that the purported cause of the scooter's lurching was "due to a computer system, electrical system, throttle system, and/or braking system malfunction," to which they claim "routine inspection, evaluation, and maintenance" would have discovered. (*Id.,* ¶¶ 62-63.)

Based on these events, Plaintiffs have asserted the following causes of action: negligence, gross negligence, violations of the DTPA and Texas common law business practices, breach of implied contract, breach of express and/or implied warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. (*See id.* at 16–32.) Plaintiffs have also affirmatively alleged that they do not bring a "products liability" cause of action. (*Id.*, ¶ 1.) They seek damages as well as a permanent injunction. (*Id.* at 33–37.)

## ARGUMENT

### I. Standard of Review

To survive Bird's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs must set forth factual allegations that, if accepted as true, are sufficient to show that they are "entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A properly pled claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that [Bird] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Alleging facts "merely consistent with" Bird's liability will not suffice. *Twombly*, 550 U.S. at 557.

### II. California Law Applies to Plaintiffs' Claims.

Pursuant to the Bird Rental Agreement, California law applies to Plaintiffs' causes of action to the extent they arise out of David's use of a Bird scooter. Plaintiffs allege that prior to David initiating his ride, he completed Bird's "app-based rental process" to rent the subject scooter. (Dkt. 1-1 at ¶ 60.)[1] As a part of this "app-based rental process," David became a party to

---

[1] When ruling on a motion to dismiss under Rule 12(b)(6), the Court should consider the Complaint in its entirety, including documents incorporated into the Complaint by reference and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Bird Rental Agreement has been incorporated by reference by Plaintiffs and is attached hereto as **Exhibit A.**

the Bird Rental Agreement, which provides, in relevant part, that California law governs disputes just like these:

> Choice of Law; Dispute Resolution - <u>This Agreement is governed by, and must be construed and **enforced**</u> in accordance with, the laws of the State of California, excluding principles of conflicts of laws. . . .

(Ex. A, § 8 (emphasis added).)

Courts routinely uphold choice of law provisions like this one. *Access Telecomm., Inc. v. MCI Telcomms. Corp.*, 197 F.3d 694, 705 (5th Cir.1999) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex. 1990)) ("In Texas, contractual choice-of-law provisions are typically enforced."); *see also Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1544 (1995) ("California courts shall apply the principles set forth in Restatement section 187 [governing choice-of-law provisions], which reflects a strong policy favoring enforcement of such provisions.").

Here, as a part of the "app-based rental process," David expressly accepted and agreed to the terms of the Bird Rental Agreement, including but not limited to its choice of law provision, which states that the laws of California apply. (Ex. A, § 8.) Accordingly, California law should govern the substantive issues in this dispute. To order otherwise would frustrate the express agreement made between the parties. *See Volt Info. Sci., Inc. v. Bd. of Tr. of Leeland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989) ("Enforcing an agreement by its terms gives effect to the contractual rights and expectations of the parties") (cleaned up).

**III. Gross Negligence is Not an Independent Cause of Action.**

In Count 2 of the Petition, Plaintiffs purport to assert an independent cause of action of gross negligence. (Dkt. 1-1, Petition, ¶¶ 95–97.) This claim must be dismissed as a matter of law because gross negligence is not an independent cause of action and is not separable from

negligence. "California does not recognize a distinct common law cause of action for gross negligence apart from negligence." *Jimenez v. 24 Hour Fitness USA, Inc.*, 237 Cal. App. 4th 546, 567 n.3 (2015).[2]

Even if the Court overlooks Plaintiffs' erroneous characterization of gross negligence as an independent claim, the Court should still dismiss any cause of action for gross negligence because Plaintiffs have not alleged sufficient facts to state such a claim. While "mere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty, amounts to ordinary negligence," to state gross negligence, "a plaintiff must allege facts showing either a want of even scant care or an extreme departure from the ordinary standard of conduct." *Anderson v. Fitness Int'l, LLC*, 4 Cal. App. 5th 867, 881 (2016) (cleaned up).[3] The Court must disregard bare conclusory allegations that a defendant's conduct rises to the level of gross negligence. *See id.* at 882.[4]

Here, Plaintiffs simply set forth conclusory allegations that Bird was grossly negligent. (Dkt. 1-1, Petition, ¶¶ 95–96.) These bare, conclusory allegations simply restate the standard for gross negligence (under Texas law) without alleging any specific facts that, if taken as true, would establish that Bird was grossly negligent. (*Id.*) Consequently, the Court should dismiss Plaintiffs' claim of gross negligence. It does not qualify as an independent cause of action, and in any event, it is not sufficiently pled.

---

[2] The same is true under Texas law. *See Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 789 (Tex. App.–Dallas 2013) ("Negligence and gross negligence are not separable causes of action but are inextricably intertwined.").
[3] *See also U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012) (recognizing additional requirements for gross negligence of clear and convincing evidence of (1) objective, extreme degree of risk and (2) subjective, awareness of risk, which was disregarded with "conscious indifference to the rights, safety or welfare of others").
[4] *See also Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007).

## IV. Plaintiffs' DTPA Claim is Barred as Matter of Law.

### A. Plaintiffs Failed to Give Notice as Required by the DTPA.

Plaintiffs try to stretch out this personal injury action by claiming in a single count (Count 3) that Bird violated the DTPA, as well as unspecified "Texas common law business practices." (Dkt. 1-1, Petition, ¶ 101.) The Court should dismiss this cause of action from the start. As a preliminary matter, legal notice is a statutory predicate to bringing any DTPA claim. Tex. Bus. & Com. Code Ann. § 17.50(b)(1). While a party may not be held to strict compliance when providing notice "is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations," *id.*, § 17.505(b), that is not the case here. The subject incident occurred on December 28, 2019 (Dkt. 1-1, Petition, ¶ 56), but Plaintiffs waited until December 16, 2021 to file their suit. Plaintiffs had plenty of time to file suit and could have provided appropriate notice as contemplated by law. Plaintiffs allege zero facts to support any allegation otherwise. (*See id.*, ¶ 105.) Plaintiffs' DTPA claim should be dismissed for noncompliance.

### B. The DTPA Does Not Provide a Cause of Action for Personal Injury Claims.

Regardless of Plaintiffs' lack of advanced notice, Plaintiffs' DTPA claim should also be dismissed because this is a personal injury action. "[C]ause[s] of action for bodily injury or death or for the infliction of mental anguish" are generally not actionable under the DTPA. Tex. Bus. & Com. Code Ann. § 17.49(e); *see also Roberts v. Zev Techs., Inc.*, No. 1:15-CV-309 RP, 2015 WL 7454688, at *5 (W.D. Tex. Nov. 23, 2015). Indeed, "Texas appellate courts have repeatedly admonished that the DTPA does not provide relief for personal injury claims." *Id.* (citing *Last v. Quail Valley Country Club, L.P.*, No. 01-08-00759-CV, 2010 WL 1253782, at *7 (Tex. App. Mar. 25, 2010); *DiGangi v. 24 Hour Fitness USA, Inc.*, No. 05-04-01119-CV, 2005 WL 1367945, at *2

(Tex. App. June 10, 2005)). Here, Plaintiffs claim damages resulting from David's alleged bodily injury after his single-vehicle incident on a Bird scooter. (Dkt. 1-1, Petition, ¶¶ 158–164.) There is no question that Plaintiffs' suit is directed to alleged personal injury; in fact, Plaintiffs expressly disclaim that the suit is one for products liability. (*Id.*, ¶ 1.)

Nor can Plaintiffs argue for the application of any limited exception. In *Roberts*, the Court held that the exception under § 17.50(b) for knowing violations and mental anguish cannot override the general rule that the DTPA "does not create a cause of action for personal injury claims," even when a plaintiff alleges that he has suffered mental anguish as a result of knowing conduct. 2015 WL 7454688, at *6. At bottom, when the purported mental anguish is alleged to have resulted from personal injury, the exception under § 17.50(b) does not apply because "nothing in the text of Section 17.50(b) allows recovery specifically for personal injury claims." *Id.* Likewise, the exception under § 17.50(h) for violations of "tie-in statutes" does not apply, as no such "tie-in statute" is identified or alleged. *See id.* at *7. Plaintiffs' DTPA claim should be dismissed as a matter of law.

### C. Plaintiffs Fail to Allege Any Misrepresentation, Let Alone with Particularity.

In a single, conclusory paragraph at the end of Count 3, Plaintiffs purport to add to their statutory DTPA claim an allegation that Bird committed misrepresentation under alleged Texas common law business practices (Dkt 1-1, Petition, ¶ 127), expressly stating that Bird's alleged conduct was "knowing and intentional" (*id.*, ¶¶ 123-24). As set forth above, the operative common law is California, not Texas. That distinction, however, is without a difference because either way, Plaintiffs have failed to plead with particularity any alleged misrepresentation as required by Federal Rule of Civil Procedure 9(b).

That Plaintiffs tucked this allegation into their DTPA claim is a tacit admission that Plaintiffs have no facts to support it. "At a minimum, Rule 9(b) requires allegations of the

particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Id.* Here, Plaintiffs have not identified the content, let alone the time or place, of Bird's alleged false representations. Rather, Plaintiffs make only vague, general assertions that fail to meet Rule 9(b)'s heightened standard. (Dkt. 1-1, Petition, ¶¶ 106–27.) On that basis alone, Plaintiffs' common law misrepresentation claim—whether brought under California or Texas law—cannot survive. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (holding that Rule 9(b)'s particularity requirement applies to state law claims grounded in fraud); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–79 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules.").

### D. As a Matter of Law, Bird Met its Duty of Good Faith and Fair Dealing.

In the same single paragraph slapped at the end of Count 3 and in the same conclusory fashion, Plaintiffs also assert that Bird breached an alleged Texas common law duty of good faith and fair dealing. (Dkt 1-1, Petition, ¶ 127.) The Court should also dismiss this claim as a matter of law, and again, that is the case regardless of whether California or Texas law applies.

Under California law, the duty of good faith and fair dealing "protects only the express terms of the agreement[;] it cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. The precise nature and extent of the duties imposed under the implied covenant thus depend upon the purposes of the contract." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 806 (2008) (cleaned up). Plaintiffs are, by the express terms of their Petition, seeking to impose substantive duties on Bird beyond those

incorporated in the specific terms of the Bird Rental Agreement. Plaintiffs' claim for alleged breach of the duty of good faith and fair dealing is apparently predicated upon their allegation that Bird's scooters were unsafe on grounds that Bird purportedly did not have a regular service and maintenance schedule as part of its business model. Such alleged duties were not set forth in the express terms of the Bird Rental Agreement (*see generally* Ex. A), and Plaintiffs do not even attempt to point to an express contract term that Bird purportedly breached.

Under Texas law, Bird owes no duty of good faith and fair dealing to Plaintiffs, as Bird does not have a fiduciary or special relationship with Plaintiffs. *See generally Hux v. S. Methodist Univ.*, 819 F.3d 776, 781–82 (5th Cir. 2016). Indeed, "Texas courts have recognized only one special relationship—that between an insurer and an insured—that gives rise to the duty." *Arnold v. HomeAway, Inc.*, No. A–16–CV–374, 2017 WL 7789268, *7 (W.D. Tex. Aug. 1, 2017). Plaintiffs have not alleged—nor could Plaintiffs truthfully allege—that Bird is their insurer. Absent any fiduciary or special relationship under Texas law, Bird had no duty of good faith and fair dealing, and any such claim should be dismissed.

### E.  As a Matter of law, Bird Did Not Engage in Any False, Misleading, or Deceptive Acts.

Even assuming *arguendo* that Plaintiffs' Count 3 did not suffer from the legal insufficiencies explained above, Plaintiffs' DTPA claim still fails because Bird never made any misrepresentations to David, or to any of Plaintiffs for that matter. "The elements of these DTPA actions are: (1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *see also Shannon v. Law-Yone*, 950 S.W.2d 429, 433 (Tex. App. – Fort Worth 1997) ("The elements of common-law . . . misrepresentation are: 1) a material misrepresentation was made; 2) the misrepresentation was

false. . . .") (cleaned up). Here, Plaintiffs allege only in conclusory fashion that Bird "falsely represented . . . that its scooters were workable, safe and for rent to ride around in San Antonio." (Dkt. 1-1, Petition, ¶ 106.) As a matter of law, none of these representations constitutes an actionable basis to support a misrepresentation claim.

First, Plaintiffs' own Petition alleges that David rented a Bird scooter to ride around in San Antonio. (*See* Dkt. 1-1, Petition, ¶ 60.) It cannot, therefore, be false that Bird scooters are available "for rent to ride around in San Antonio."

Second, "[t]o be actionable, a representation must be one of material fact, not opinion . . . ." *Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1358 (S.D. Tex. 1994) (cleaned up). Concepts like "safety" and "workability" are generally matters of opinion, not fact. *See, e.g.*, *Chandler v. Gene Messer Ford Inc.*, 81 S.W.3d 493, 499 (Tex. App. – Eastland 2002, pet. denied) (holding that automobile salesman's representations regarding safety of vehicle did not constitute misrepresentations of material fact). At most, statements about safety constitute "puffing," which is a defense to claims just like these. *See Humble Nat'l Bank v. DCV*, Inc., 933 S.W.2d 224, 229–30 (Tex. App. 1996), writ denied (Sept. 4, 1997) ("Numerous courts of appeals and federal courts have . . . indicated that a puffing or opinion defense will defeat a misrepresentation claim . . . .") (cleaned up). Because none of the purported representations cited by Plaintiffs can be misrepresentations as a matter of law, Plaintiffs' Count 3 should be dismissed.

## V. Plaintiffs' Claim for Breach of Implied Contract is Barred by David's Agreement to a Valid, Express Contract.

Plaintiffs' claim that Bird breached an implied contract should be dismissed as a matter of law because the valid, express contract between Bird and David covers the rental of the subject scooter. "There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time." *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613

(1975).[5] Here, Plaintiffs plead an alleged implied contract between Bird and David for Bird to provide a "safe scooter" and for David to rent that "safe scooter." (Dkt. 1-1, Petition, ¶¶ 133-35.) This supposed implied contract covers the same subject matter as the express agreement for David's rental of the scooter—the Bird Rental Agreement. As such, the terms of the express contract govern, and this Court should dismiss Plaintiffs' claim for breach of implied contract.

Even affording the Petition all benefit of the doubt and assuming *arguendo* that Plaintiffs allege a contract of a "safe scooter," the fact remains that the express contract between the parties covers this subject matter as well. Numerous provisions of the Bird Rental Agreement address the safety of the scooter and the safety of the rider. (*See, e.g.*, Ex. A §§ 1.3 ("Rider is a Competent Vehicle Owner"); 1.8 ("Prohibited Acts"); 3.1 ("Safety Check"); 3.3 ("Helmets; Safety"); 15 ("Releases, disclaimers, assumption of risk").) Because the express terms of the contract cover both the rental of the scooter generally and the safety of the scooter specifically, no implied contract can exist, and the Court should dismiss Plaintiffs' Count 4.

## VI.   Plaintiffs' Fifth and Sixth Counts Under the UCC Fail as a Matter of Law.

### A. Plaintiffs Fail to State a Claim for Breach of Express and/or Implied Warranty, as They Fail to Outline the Terms of the Allegedly Breached Warranty.

The Court should dismiss Plaintiffs' claim for breach of express and/or implied warranty as a matter of law because Plaintiffs have not—and cannot—identify any terms of the Bird Rental Agreement or any implied warranty that Bird purportedly breached. "To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused

---

[5] The same is true under Texas law. *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964) ("Where there exists a valid express contract covering the subject matter, there can be no implied contract.").

plaintiff's injury." *Minkler v. Apple, Inc*., 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014).[6] Plaintiffs do not even attempt to outline the terms of any purported warranty provided to David by Bird. Plaintiffs state only that the "safety of the subject Bird scooter became the basis for the bargain (rental)." (Dkt. 1-1, Petition, ¶ 142.) Even generously construed, this allegation does not outline the "exact terms" of the purported warranty allegedly breached by Bird. This claim is fundamentally flawed and should be dismissed.

### B. Plaintiffs' Claim for Breach of Implied Warranty of Fitness for a Particular Purpose Fails Because "Reasonable and Safe Means of Transportation" Does Not Constitute a Particular Purpose.

Plaintiffs' Count 6 is likewise deficient as a matter of law because there is no "particular purpose" for which Bird warranted the subject scooter. An implied warranty of fitness for a particular purpose exists "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." *Hilsley v. Gen. Mills, Inc*., 376 F. Supp. 3d 1043, 1050 (S.D. Cal. 2019) (internal quotations omitted). "**A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business** whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Id.* (internal quotations omitted; emphasis added). Here, Plaintiffs allege that the "particular purpose" for which David intended to use the Bird

---

[6] As explained above, California law governs Plaintiffs' claims, as the Bird Rental Agreement, which gives rise to each of Plaintiffs' warranty claims, provides for the application of California law. (Ex. A, § 8.) This necessarily included the claims that Plaintiffs purport to bring under Texas' Uniform Commercial Code. California has adopted the UCC, and its statutes are substantially similar to those found in Texas. *Compare* Cal. Com. Code § 10212 *with* Tex. Bus. & Com. Code § 2A.212. Moreover, breach of warranty claims under the UCC are creatures of contract, as a party must have "privity of contract" to recover "on a theory of breach of implied warranties of fitness and merchantability." *Moncada v. Allstate Ins. Co*., 471 F. Supp. 2d 987, 998 (N.D. Cal. 2006). Here, the contract between the parties has a choice of law provision by which the parties chose to apply California law.

scooter is "limited to" nothing more than "a reasonable and safe means of transportation." (Dkt. 1-1, Petition, ¶ 148.) Similarly, Plaintiffs allege that Bird "held itself out generally as an experienced provider of rental scooters . . . as a safe and reliable means of transportation." (*Id.*, ¶ 150.) Far from a "particular purpose," the ordinary purpose of Bird scooters is to be a "safe and reliable means of transportation." Plaintiffs do not allege any "specific uses" that are "peculiar" to the nature of David's intended use, much less identify what the ordinary purpose of Bird scooters would be if not a "safe and reliable means of transportation." This claim is a non-starter and should be dismissed.

## VII.   The Court Should Deny Plaintiffs' Request for a Permanent Injunction.

For each of the reasons stated above, Plaintiffs cannot meet their burden to prove the merits of a permanent injunction. Moreover, because "[a] permanent injunction . . . requires a liability finding after a final hearing on the merits," it cannot issue at this stage in the pleadings. *Roper v. Jolliffe*, 493 S.W.3d 624, 633 (Tex. App. – Dallas 2015, pet. denied); *see also Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 625 n.2 (Tex. 2011) ("A permanent injunction cannot be granted absent a finding of liability on some underlying cause of action."); *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 769 (Tex. App. 2010) ("A permanent injunction is not a cause of action but an equitable remedy."). Accordingly, Plaintiffs' request for a permanent injunction should be denied.

## CONCLUSION

For the foregoing reasons, Bird respectfully requests that the Court dismiss with prejudice Counts 2, 3, 4, 5, and 6 of the Petition with prejudice.

Respectfully submitted this 14th day of February, 2022.

**WATSON, CARAWAY,
MIDKIFF & LUNINGHAM, LLP**

 /s/ Ryan Trammell
James W. Watson
State Bar No. 20943100
jwatson@watsoncaraway.com
Ryan Trammell
State Bar No. 24085877
rtrammell@watsoncaraway.com
The Fort Worth Club Building
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817/870-1717
817/338-4842 (FAX)

**QUARLES & BRADY LLP**

Stacy A. Alexejun (admitted *pro hac vice*)
stacy.alexejun@quarles.com
Sydney E. VanBerg (admitted *pro hac vice*)
sydney.vanberg@quarles.com
33 E. Main Street, Suite 900
Madison, Wisconsin 53703
608/251-5000

**ATTORNEYS FOR DEFENDANT
BIRD RIDES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this  14th  day of February, 2022, a copy of the foregoing was filed electronically via the e-filing system, which will serve notification of the same upon the following counsel of record.

BARNES & ASSOCIATES
Stephen A. Barnes (SBN 24066953)
sajbarnesmdjd@gmail.com
2219 Dorrington Street
Houston, Texas 77030
Telephone: 713-388-6777
Facsimile: 713-437-3578

*Attorneys for Plaintiffs David B. Montgomery and Tiffany T. Montgomery, Individually and On Behalf Of Minor Children G.J. and H.M.*

      /s/ *Ryan Trammell*
Ryan Trammell